# Richmond.

## KAYLOR v. DAVY POCAHONTAS COAL CO.

### January 13, 1916.

### Absent, Cardwell, J.

1. ATTACHMENTS—*When May Be Issued—Several Attachments—Code, Section 2959—Affidavit.*—The right to sue out an attachment is given by section 2959 of the Code, not only at the time of the institution of the action, but at any time thereafter, pending the action. The plaintiff is not restricted to a single attachment, but may from time to time, as need may require, sue out other and additional attachments, founded either on the original affidavit or on a new affidavit made for the purpose.

2. ATTACHMENTS—*Bond Conditioned to Perform Judgment of Court—Other Attachments—Code, Section 2972.*—The effect of a bond given by the defendant under section 2972 of the Code, with condition to perform the judgment of the court is to "release from any attachment the whole of the estate attached," but it does not debar the plaintiff from suing out other attachments for the same debt and having the same levied on other property of the defendant.

3. ATTACHMENTS—*Pending Action—Motion Pending to Set Aside Verdict.*—After verdict, but before judgment, in an action at law and while a motion to set aside the verdict is still undecided, the action is still a pending action, and an attachment as ancillary thereto may be sued out under the provisions of section 2959 of the Code.

4. ATTACHMENTS—*Ancillary to Action—Final Judgment in Action—Attachment Undisposed of.*—Where an attachment is sued out as ancillary to an action at law, a final judgment in the action without making any disposition of the ancillary proceeding by attachment necessarily operates as a release of the attached effects.

Error to a judgment of the Circuit Court of the city of Norfolk quashing an attachment issued as ancillary to an action at law. Judgment for the plaintiff in the motion to quash. Defendant assigns error.

*Affirmed.*

24

The opinion states the case.

*Mann & Tyler,* for the plaintiff in error.

*Loyall, Taylor & White* and *N. T. Green,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

This case was heard in this court along with that of *Davy Pocahontas Coal Company* v. *Kaylor,* and the attachments hereinafter referred to were issued in that suit, which was an action of *assumpsit,* instituted by C. M. Kaylor in October, 1913, against the Davy Pocahontas Coal Company, a foreign corporation, originally brought for the sum of $2,000.

At the time of the institution of the suit, on proper affidavit, an attachment was sued out and served upon the West Virginia Pocahontas Sales Corporation, as garnishee. That corporation answered that it was indebted to the Davy Pocahontas Coal Company in the sum of $1,044.93, and thereupon the Davy Pocahontas Coal Company filed a bond in the penalty of $4,000 to perform the judgment of the court, as provided in section 2972 of the Code. After the bond had been given, and the judge of the circuit court had held, in an informal proceeding, that Kaylor was entitled to file interrogatories against the defendant, the defendant furnished certain information whereby, in the opinion of Kaylor, it appeared that he was entitled to recover from the Coal Company $5,000 instead of $2,000, the amount claimed when the action was instituted. Thereupon Kaylor, upon leave of court properly obtained, amended his declaration and writ, increasing the damages claimed from $2,000 to $5,000. The first trial of the case resulted in a mistrial, but at the September term a verdict was rendered for $2,501.79, with interest on the various items, making the total recovery as of the date of the verdict about $2,700. Both the plaintiff and the defendant moved the court to set aside this verdict, but the court overruled both motions

and entered judgment for the amount of the verdict in favor of the plaintiff, and adjourned for the term on the 22d day of October, 1914, suspending, however, the execution of the judgment for sixty days from the 21st day of October, 1914, to enable the defendant to present a petition to this court for a writ of error and *supersedeas.* A writ of error was awarded on the 2d day of December, 1914, to the Davy Pocahontas Coal Company from this judgment, which is now pending in this court.

On the 16th day of October, 1914, pending a decision of the Circuit Court of the city of Norfolk on the respective motions of plaintiff and defendant to set aside the verdict of the jury and for a new trial, the plaintiff having ascertained that there were other corporations in the city of Norfolk indebted to the defendant, and the jury having brought in a verdict for a larger amount than was claimed in the original declaration, plaintiff filed another affidavit, setting forth that the defendant was a foreign corporation and claiming the right to recover at least the sum of $5,000, and caused another attachment to be issued in which he designated the garnishees mentioned in the order of December 30, 1914, as being indebted to the defendant. The attachment was made returnable to the first day of the November term, 1914, of the Circuit Court of the city of Norfolk, that being within ninety days from its date of issue. On the first day of the November term, to-wit, the 23d day of November, 1914, the New England Coal and Coke Company, one of the garnishees in the said attachment, answered that it was indebted to the Davy Pocohantas Coal Company in the sum of $2,116.05, and the Norfolk and Western Railway Company answered that it had in its possession three cars of coal which came from the mines of the defendant, but that it was ignorant as to the title to the coal. Thereupon the Davy Pocahontas Coal Company moved the court to quash the attachment issued on the 16th day of October, on the following grounds:

1. Because on the first attachment the defendant had given a bond in the penalty of $4,000, provided for in section 2972 of the Code, to perform the judgment of the court, and that no further attachment could be issued in this action;

2. Because the attachment was returnable to a day of the circuit court after the court had entered judgment on the verdict of the jury.

Upon the motion to quash there were two questions presented to the court: First, does the giving of a bond to perform the judgment of the court, as provided in section 2972 of the Code, prohibit the plaintiff from suing out another attachment in the same suit? and, secondly, is an attachment, otherwise valid, rendered invalid by reason of the fact that it is made returnable to a day subsequent to the rendering of verdict and entry of judgment thereon in the main suit?

Section 2959 of the Code gives to the plaintiff, at the time of or after the institution of any action at law for the recovery of damages for the breach of a contract, the right to sue out an attachment upon making the affidavit required by that section. The right to sue out the attachment is given not only at the time of the institution of the action but at any time thereafter. No limit is fixed upon the time except that it must be pending the action, and it was under this statute that, after a personal action had been begun, an attachment was subsequently sued out in *O'Brien* v. *Stephens,* 11 Gratt. (52 Va.) 610. We think it plain that the legislature did not .intend to restrict a plaintiff to a single attachment, and the practice has been, from time to time as property was discovered, to sue out other and additional attachments as need might require. Section 2966 expressly provides for other attachments founded on the original affidavit, and the object and purpose of this section was to negative the idea that the right to sue out attachments had been exhausted when a single attachment had been sued out under an affidavit, and so the section provides for

additional attachments founded on the original affidavit.    It is intimated, if not decided, in *Miller* v. *White,* 46 W. Va. 67, 33 S. E. 332, 76 Am. St. Rep. 791, that the basis of the attachment may be changed and a new attachment sued out founded upon a new affidavit.

After the plaintiff has given the attachment bond and the attachment is levied on the defendant's property, three courses are open to him.    He can give a forthcoming bond under section 2972, or a bond with condition to perform the judgment of the court under the same section, or a bond under section 2974 in a penalty double the value of "the whole estate of the defendant with condition, if judgment or decree be rendered for the plaintiff in said suit, to pay said value, or so much thereof as may be necessary to satisfy the same."

The defendant elected to give a bond with condition to satisfy the judgment of the court, and the effect of the bond is declared by section 2972 to be the "release from any attachments the whole of the estate attached."    If he had given the bond under section 2974, the attachment would have been discharged under the language of that section "as to the whole estate of the defendant;" but he did not give this bond, and hence it would seem that the only effect of giving the bond which he did give was to release the estate attached and leave other estate just as it was before.    Ordinarily, this would be all that any plaintiff would desire, but cases might arise where for one cause or another the plaintiff might desire to sue out an additional attachment.    For example, under section 2973 he has only thirty days after return of the bond to file exceptions to the same, or to the sufficiency of the surety therein.    He might thereafter discover some defect about the bond or the sufficiency of the surety, or, as in the case at bar, pending the action he might discover that he had sued for a much less sum than he was entitled to recover, and for that reason the bond was insufficient, and, without meaning to say

what would be the effect on the property released, it would seem that the right to sue out an additional attachment has not been taken away by section 2972. While, as stated above, the giving of such a bond as was given in the instant case would ordinarily be all that a plaintiff could desire, still the statute declares what the effect of giving the bond is, and to give it the effect of taking away the right to sue out attachments under section 2959 would seem by construction to read into the statute a provision not contained therein, and not warranted by the language used.

As to the second branch of the question, undoubtedly the action was pending at the time the last attachment was sued out. It is true that the jury had rendered their verdict at the September term of the court, but a motion had been made to set aside the verdict, and while this motion was pending, to-wit, on the 16th of October, 1914, the plaintiff sued out the additional attachment. The motion, however, was not passed upon by the court until five days thereafter, to-wit, on the 21st day of October, 1914. The action was pending between these dates. The attachment, therefore was issued in a pending suit, and was returnable to a term of the court in which the same was pending, as provided by section 2965.

Assuming, then, that the attachment was rightly sued out, the plaintiff had the right to make it returnable either to a term of the court in which the same was pending, or to some rule day thereof, which he did. The attachment, therefore, in this aspect of the case was regular. The case stood practically on the same footing as if it had been regularly matured, and the attachment was returnable to a term of the court at which the case was set for hearing. In such case, suppose that the court should simply enter up judgment for the plaintiff and say nothing as to the attached effects, what would be the result? As the attachment is purely ancillary to the suit, we take it that if the court entered judgment for the amount of the plaintiff's claim and made no order as to the attached

effects, they would be released from the attachment.    Indeed, it could not be otherwise, as there is no suit in which an order for the sale of the attached effects could then be made.

The record presents the case of a final judgment entered without any disposition of the ancillary proceeding by attachment, the result of which was to release the attached effects. This seems to result of necessity.    The attachment had no existence independent of the original suit to which it was ancillary and subordinate.    If instead of entering a final judgment on the 21st of October, 1914, the plaintiff in error had made a motion to have the case continued, so as to be in a position to avail himself of the lien of his attachment, it is difficult to see how it could have been resisted; but that was not done.    The motion for a new trial of the principal case was overruled, a final judgment entered, and the court adjourned.    No order for the sale of the attached effects could have been made up to that time, because the attachment process was not returnable until a day after the adjournment of the term of court; so that when, on the 14th of December, the trial court took up for consideration the attachment suit, there was nothing left for it to do but to enter an order quashing that proceeding.

It has been suggested, but not argued, that a writ of error does not lie to such an order as that of the 14th of December quashing this attachment, but it is unnecessary for us to dispose of that suggestion because we reach the same result by a different process.

It follows that we are of opinion that there was no error in the judgment complained of, which is, therefore, affirmed.

*Affirmed.*