166 So.2d 420

**C. A. JENNINGS et al.**

**v.**

**Kathleen V. WYSONG et al.**

**8 Div. 147.**

Supreme Court of Alabama.

June 30, 1964.

Humphrey, Lutz & Smith, Huntsville, for appellants.

Cloud & Berry, Huntsville, for appellee-intervenor.

HARWOOD, Justice.

This is an appeal from a decree entered in an attempted intervention petition filed by the wife of Earl Wysong. The intervention was sought in a suit begun by attachment against Wysong. The property attached was a one-half interest in real estate which had been deeded to Mr. and Mrs. Wysong jointly.

The record is comparatively short, but presents a series of anomalous legal situations which have been most difficult of solution.

A history of the proceedings leading up to the intervention suit is essential to a consideration of this appeal. The record discloses the following:

(1) In 1954, the real estate in question was conveyed to Earl Wysong and Kathleen Wysong jointly. Thereafter the property was assessed in their joint names.

(2) On 8 March 1960, Mrs. Wysong filed a petition for divorce and in her prayer for relief prayed that the title to the land in question, which was described with particularity, be vested in her.

(3) On 5 December 1961, a suit was begun by C. A. Jennings and Fielding L. Pearson against Earl M. Wysong. Jennings and Pearson as accommodation makers had signed a note with Earl M. Wysong, and later had had to pay this note. Wysong at the time of the filing of the suit by Jennings and Pearson was a non-resident and this suit was begun by an attachment on the one-half interest of Wysong in the land in question.

(4) On 6 December 1961, the sheriff of Madison County attached the real estate. At this time he gave Mrs. Wysong a copy of the attachment, and it is uncontradicted that she knew of the attachment.

(5) On 30 January 1962, a divorce decree a mensa et thoro was awarded Mrs. Wysong pursuant to her petition filed on 8 March 1960, and full title to the real estate was vested in Mrs. Wysong in the decree.

(6) On 9 March 1962, a judgment by default was awarded to Jennings and Pearson in their suit and Wysong's one-half interest in the land seized was ordered sold, the court finding that some $1200 was due from Wysong to Jennings and Pearson.

(7) On 14 March 1962, Wysong, appearing specially, filed a motion to set aside the default judgment, alleging he had not been properly served.

(8) On 20 March 1962, the court, without a hearing, ordered the sheriff to withhold sale of the property seized under the attachment until further orders of the court.

(9) On 3 May 1962, Mrs. Wysong petitioned the court to be allowed to intervene in the Jennings and Pearson suit. The petition to intervene was granted, and Mrs. Wysong filed her intervention, service of the intervention being acknowledged by Jennings and Pearson on that date.

(10) On 2 October 1962, the court entered an order overruling Mr. Wysong's motion to set aside the default judgment rendered against him on 9 March 1962.

(11) On 1 November 1962, Mrs. Wysong's petition of intervention was heard, and on 18 December 1962, the court entered a judgment abating the attachment, and further found Mrs. Wysong's claim to the property to be superior to that of Jennings and Pearson, and that Mr. Wysong owned no interest in the property.

Since Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565, it has been settled that where a suit is begun by attachment against a non-resident, it is in the nature of a proceedings in rem. Of necessity the judgment must ascertain and declare the amount

of the debt sought to be enforced by the attachment. There must follow the condemnation of the property attached. The judgment of the court, though in form a personal judgment against the defendant, has no effect beyond the property attached. No general execution can be issued for any balance unpaid after the property attached is exhausted. No suit can be maintained on such a judgment in the same court or in any other, nor can it be used as evidence in any other proceeding in affecting the attached property. Exchange National Bank of Spokane v. Clement, 109 Ala. 270, 19 So. 814.

■ It is to be noted that the court's order to the sheriff to withhold sale of the attached property was entered some eleven days after the default judgment was taken against Wysong. Circuit courts have the discretionary power to set aside default and nil dicit judgments during the term in which such judgments are rendered, which power is revisable *only by mandamus* for abuse of discretion. Bekurs v. Bumper Service, 271 Ala. 110, 122 So.2d 727. No such procedure was followed in this instance.

■ An attachment is purely ancillary to the main suit and if the court enters a judgment for the amount of the plaintiff's claim, and makes no order as to the attached property, the attachment is considered thereby to be released. Kaylor v. Pocahontas Coal Co., 118 Va. 369, 87 S.E. 551.

■ Further, where attachment is essential to jurisdiction in the main suit, a dissolution of the attachment will terminate the main suit. 7 C.J.S. Attachment § 471 (a).

■ An attachment lien is inchoate until perfected by sale of the attached property.

■ The action of the court on 20 March 1962, in ordering the sale of the property seized under the attachment to be withheld until further orders of the court, in effect suspended the attachment. The defendant in the attachment suit being a non-resident, the court by its order withholding the sale of the attached property thereby destroyed its jurisdiction in the main suit filed by Jennings and Pearson, and that suit was thereby terminated.

This being so, there was no suit pending at the time that Mrs. Wysong attempted her intervention. The lower court erred in permitting such intervention, in entertaining the intervention suit, and in entering a judgment therein. For this reason, the decree entered in the intervention suit, which is the basis of this appeal, was a nullity. There can be no appeal from a void decree. This attempted appeal must therefore be dismissed.

Numerous other points are argued. We pretermit discussion of these points in the interest of brevity except in one instance in the event of further proceedings.

In its decree pursuant to the intervention suit, the court found that as a result of Mrs. Wysong having particularly described the real estate in question in her petition for divorce, she thereby obtained a lien superior to that of the attaching creditors who instituted proceedings subsequent to the petition for divorce. In support of this view the court cited Germania National Bank v. Duncan, 62 Okl. 144, 161 P. 1077. The reading of this case shows that in Oklahoma, at the time of the above decision, an action lien was provided for by statute upon the institution of legal proceedings when property was described with particularity in the pleadings.

■ This statutory action lien created by the Oklahoma statute reflects the common law rule. However, our lis pendens statutes, particularly Sections 66 and 69, Title 47, Code of Alabama 1940, creates an entirely different rule in this state and the common law doctrine of lis pendens applies only when our lis pendens statutes have been complied with, and notice of the suit is filed with the Judge of Probate.

Appeal dismissed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.