In the Matter of Thomas Blair
BRUFFEY and Rubye Kathleen
Bruffey, Debtors.

ITT DIVERSIFIED CREDIT
CORPORATION, Plaintiff,

v.

Thomas Blair BRUFFEY and Rubye
Kathleen Bruffey, Defendants.

Bankruptcy Nos. 80–00642–SW,
80–00643–SW.
Adv. No. 80–0243–SW.

United States Bankruptcy Court,
W. D. Missouri,
Southwestern Division.

Apr. 13, 1981.

As Amended Aug. 24, 1981.

Charles Buchanan, Joplin, Mo., for plaintiff.

Phillip Glades, Joplin, Mo., for defendants.

ORDER ABSTAINING FROM JURISDICTION AS PROVIDED IN § 1471(d), TITLE 28, UNITED STATES CODE AND TRANSFERRING ACTION TO THE CIVIL DOCKET OF THE DISTRICT COURT PURSUANT TO RULE 915(b) OF THE RULES OF BANKRUPTCY PROCEDURE

DENNIS J. STEWART, Bankruptcy Judge.

In this action, the plaintiff seeks leave of the bankruptcy court to liquidate certain property [1] which it has attached in connection with proceedings in the state courts of Maryland. The defendant trustee in bankruptcy counterclaims for possession of the property, contending that it is property of the estate in bankruptcy under § 541 of the Code.[2]

---

1. The property which constitutes the subject matter is a promissory note in the sum of $85,000 and certain described real property.

2. The trustee contends that the attachment was either not perfected prior the date of the order

for relief in these bankruptcy proceedings or, if it was, the attachment was dissolved prior to that time. Thus, prior to bankruptcy, the prop-

In this court, the action has been made the subject of several hearings, several factual stipulations, and several briefs.[3] But, according to the court's current understanding, based upon statements made by counsel in the last hearing conducted by this court,[4] the material issue to be resolved by the court is whether, under governing Maryland law, the prejudgment attachment which had been made by the plaintiff was released by the rendition of a judgment by the Maryland court which made no provision for disposition of the attached property.[5]

On this question generally, there is a split of authority, with some courts holding that the failure of the court to provide for the attached property in the judgment releases the attachment[6] and others holding to the contrary.[7] Even with respect to the reasoning underlying the conclusions of the respective cases, the courts are also equally divided with some holding that release of the attachment should result only when such is dictated by a governing statute and others holding that release is dictated by the rule of reason.[8] According to the briefs which have been submitted by the parties and the research which has been independently conducted by the court, there is no Maryland statute or decision which would dictate a certain result in this action.

Rather, it appears that what is before the court is an undecided and unresolved question of state law. On such questions, the appellate courts have previously accorded a presumption of correctness to determinations made by district judges.[9]

---

erty reverted in the debtors and, consequently, by operation of § 541, became property of the estate as of the date of the order for relief in these bankruptcy proceedings.

**3.** The briefs generally concern themselves with issues other than the issue of whether the attachment was released when no provision was made for it in the final judgment of the Maryland court. But see note 4, *infra*.

**4.** In the hearing conducted on January 12, 1981, the court asked counsel whether the issue of release of the attachment by failure of the Maryland court to provide for it in the final judgment was not the only issue in this action. Replies were in the affirmative.

**5.** The issue which has been joined in this action is outlined as follows in 7 C.J.S. *Attachment* § 216, p. 516: "In some states, a judgment for plaintiff in attachment is required to contain an order for special execution against, or sale of the attached property, and a general judgment and execution releases the lien of the attachment; but in [others] such an order, although customarily made, is not generally regarded as essential, and the lien of attachment is not discharged by a general judgment and execution."

**6.** Some cases hold that "as an attachment is purely ancillary to a suit, if the court entered judgment for the amount of plaintiff's claim, and made no order as to the attached effects, the attachment would be considered as released." 7 C.J.S. *Attachment* section 216, p. 516 (1980); *Jennings v. Wysong*, 276 Ala. 692, 166 So.2d 420 (1964); *Kaylor v. Davy Pocahontas Coal Co.*, 118 Va. 369, 87 S.E. 551 (1916). But see note 5, *supra*, referring to the prior edition of C.J.S. The *Kaylor* case, *supra*, refers

to the rule releasing the attachment as the rule of reason. See 87 S.E.2d at 553 to the following effect:

"Assuming, then, that the attachment was rightly sued out, the plaintiff had the right to make it returnable either to a term of the court in which the same was pending or to some rule day thereof, which he did. The attachment, therefore, in this aspect of the case, was regular. The case stood practically on the same footing as if it had been regularly matured and the attachment was returnable to a term of the court at which the case was set for hearing. In such case suppose that the court should simply enter up judgment for the plaintiff and say nothing as to the attached effects; what would be the result? As the attachment is purely ancillary to the suit, we take it that, if the court entered judgment for the amount of the plaintiff's claim, and made no order as to the attached effects, they would be released from the attachment. Indeed, it could not be otherwise, as there is no suit in which an order for the sale of the attached effects could then be made."

**7.** See note 6, *supra*.

**8.** See note 6, *supra*.

**9.** The standard for review of such a legal question is variously described as the "clearly erroneous" standard and the presumption of correctness standard. See, e.g., *National Bank of Eastern Ark. v. General Mills, Inc.*, 283 F.2d 574, 576, 577 (8th Cir. 1960) ("We have repeatedly said that, in reviewing doubtful questions of local law, we would not adopt views contrary to those of the trial judge unless con-

Thus, practically speaking, it appears that the decision of a district judge on this issue would be insulated from reversal on appeal and, accordingly, that the matter could be most expeditiously, justly and inexpensively concluded if it were determined by a district judge. For, on the other hand, if the bankruptcy court should retain jurisdiction of this action, its decision would appear not to be entitled to the presumption of correctness and, to the contrary, would be reviewable under the simple "legal error" standard.[10] Further, once reviewed under such a standard by the district court, it appears that the district court's decision might well, like any other appellate decision, be in turn reviewable under the simple "legal error" standard.[11] Thus, unless the appropriate district court[12] renders the decision in this action, it appears that its outcome may be further protracted by successive appeals and the time that is required to determine the legal issue anew on each of those appeals.

This prospect, however, appears to be remediable by appropriate orders in this court. The Bankruptcy Code contains an express exception to the new, expansive jurisdiction granted the bankruptcy courts in the unreviewable power of the court of bankruptcy to abstain from entertaining any action when it would be in the best interest of the estate not to do so. See § 1471(d), Title 28, United States Code.[13] The circumstances detailed above would make it appear that abstention would be desirable for the estate and the creditors in this action and therefore in the interest of justice. And this refusal of jurisdiction would appear to bring into applicability Rule 915(b) of the Rules of Bankruptcy Procedure which would provide for transfer to the district court which has jurisdiction of the action under § 1471, Title 28, U.S.C. It is therefore

ORDERED that the bankruptcy court abstain from jurisdiction as provided in § 1471(d) of the Bankruptcy Code[14] and it is further

ORDERED that the clerk transfer this action to the civil docket of the district

vinced of error, and that all that this Court reasonably can be expected to do in such cases is to see that the determination of the trial court is not induced by a clear misconception or misapplication of the local law ... If a *federal district judge* has reached a permissible conclusion upon a question of local law, we will not reverse, even though we may think the law should be otherwise." [Emphasis added] ); *Universal Underwriters Insurance Co. v. Wagner*, 367 F.2d 866, 873 (8th Cir. 1966) ("The lower court's reasoned opinion as to the status of local law in which it acts should not be overturned unless we are convinced that it is clearly erroneous."). But on reviews of the judgments of the bankruptcy court, the "clearly erroneous" standard applies only to *findings of fact* and does not extend to legal questions. "The principle that the referee's findings of fact shall be accepted by the district judge unless clearly erroneous ... is limited, by its terms, to *findings of fact.* The district judge is free to make his own conclusions of law, and to draw inferences or deductions different from the referee's on documentary, undisputed or stipulated evidence." 13 Collier on Bankruptcy para. 810.05, pp. 8–78, 8–79 (1977) (Emphasis in original.)

**10.** See note 9, *supra.*

**11.** The court of appeals' review of the district court decision, made while sitting as a court of appeals from the bankruptcy court decision, is in substance another review of the bankruptcy court decision.

**12.** It may be true that the district court in this district would find another district court to be the proper forum and accordingly transfer the case to that court under § 1404, Title 28, United States Code. Even so, it appears that a succession of appeals might be obviated.

**13.** That section pertinently provides that: "Subsection (b) or (c) of this section does not prevent a district court or a bankruptcy court, in the interest of justice, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. Such abstention, or a decision not to abstain, is not reviewable by appeal or otherwise." The doctrine thereby provided for is termed the doctrine of "abstention." The doctrine "recognizes that there are cases in which it would be appropriate for the court to decline jurisdiction." Legislative history to § 305 of the Bankruptcy Code. The provisions of § 1471 are effective during the transition period, i.e., October 1, 1979, through March 31, 1984. See § 405(b) of the Bankruptcy Reform Act of 1978.

**14.** As noted above, § 1471, Title 28, U.S.C., is effective during the transition period.