ON REHEARING EX MERO MOTU
MADDOX, Justice.
Because of a possible ambiguity in the original opinion, the Court, on its own motion, put this matter on rehearing. We have withdrawn the original opinion and we now substitute this opinion in its stead.
This case involves Rule 6(a), Ala.R. Civ.P., and whether or not it has any effect upon the running of the statute of limitations for a personal injury action.
John Daily, Jr., plaintiff/appellee, was injured in an automobile accident on March 21, 1982, between 8 p.m. and midnight, but did not file a complaint against Woodie Jackson, defendant/appellant, until March 22, 1983. The trial court originally granted the appellant’s motion to dismiss, but later granted appellee’s motion to reconsider, and reinstated the case. This Court granted appellant’s petition for permission to appeal from this interlocutory order, and this appeal followed.
Appellant asserts that the claim was barred, on its face, by the one-year statute of limitations applicable to negligence actions. See Code 1975, § 6-2-39(a)(5). Ap-pellee cites, however, Rule 6(a), Ala.R. Civ.P. That rule provides that “the day of the act, event, or default from which the designated period of time begins to run shall not be included”; therefore, he says the statute of limitations did not commence to run until March 22, 1982, and his claim was timely. We find that appellee's contention that the statute did not begin to run until March 22, 1982, is correct, but under both Rule 6(a) and our statute, the last day for filing was March 21, 1983. Appellee incorrectly computes the time within which his claim could be filed.
This Court finds that the trial court erred by reinstating this case; therefore, its judgment is reversed.
OPINION WITHDRAWN; REVERSED AND REMANDED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.