451 So.2d 244 (1984)
Mary S. Goff GONZALES
v.
U-J CHEVROLET COMPANY, INC., a Corporation.
82-1118.
Supreme Court of Alabama.
February 24, 1984.
On Rehearing June 1, 1984.
*245 Gregory B. Breedlove of Cunningham, Bounds, Yance, Crowder & Brown, Mobile, for appellant.
Joseph C. Sullivan, Jr., and R. Gregory Watts of Butler & Sullivan, Mobile, for appellee.
BEATTY, Justice.
Upon recommendation of the Supreme Court Advisory Committee, Rule 4(f), Alabama Rules of Civil Procedure, was amended effective March 1, 1982. Rule 4(f), as amended, provides:
"When there are multiple defendants and the summons or other document to be served and complaint has been served on one or more, but not all, of the defendants, the plaintiff may proceed to trial and judgment as to the defendant or defendants on whom process has been served and if the judgment as to defendants who have been served is final in all other respects, it shall be a final judgment. After the entry of judgment, if plaintiff is able to obtain service on a defendant not previously served, the court shall hear and determine the matter as to such defendant in the same manner as if such defendant had been originally brought into court, but such defendant shall be allowed the benefit of any payment or satisfaction which may have been made on the judgment previously entered in said action."
The purpose of the amendment, as stated in the Committee comments, was to "harmonize [the] provisions [of 4(f)] with those portions of Rule 54(b) which withhold finality to judgments against fewer than all parties."
In the present case, the judgment entered on February 17, 1983, was final and appealable as of that date, because the only party not affected by that judgment had not been served. The notice of appeal was filed with this Court on August 17, 1983, well beyond the period for a timely appeal. The timeliness of an appeal is jurisdictional. We, therefore, have no alternative to dismissing this appeal.
APPEAL DISMISSED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.

ON REHEARING
BEATTY, Justice.
On February 24, 1984, this Court dismissed the appeal by Mary S. Goff Gonzales, citing her failure to file a timely appeal. The basis for the dismissal was Rule 4(f), A.R.Civ.P. The case is now before us on application for rehearing, and plaintiff has submitted to this Court on "Order Correcting Trial Record" in which the trial court corrects the record with regard to the judgment entered on February 17, 1983. See Rule 60(a), A.R.Civ.P. This correction makes it clear that the February 17, 1983, judgment was not a disposition of all claims, and thus that there was no final appealable order at that time. Therefore, the appeal time could not have begun to run on February 17, 1983. Having shown by the corrected record that her appeal was in fact timely, plaintiff now asks this Court to address the merits of the case.
The application for rehearing is granted, and the order of dismissal previously entered is hereby set aside. This Court will now proceed to decide the case upon the *246 merits. The plaintiff appeals from a summary judgment in favor of the defendant. We affirm.
On March 27, 1981, the plaintiff, Mary S. Goff Gonzales, went to U-J Chevrolet, Inc., the defendant, to buy an automobile. Plaintiff stated that she had intended to buy a "new" car, but the defendant did not have a "new" car which met her requirements. Instead, Mrs. Gonzales says she was shown a 1981 Chevrolet Monte Carlo, which the salesman represented to her as (1) a "demonstrator," (2) with eight cylinders, and (3) carrying a full new car warranty. Plaintiff purchased the car and contends that, contrary to the salesman's representations and contrary to the sales papers she signed on March 27, 1981, the car she bought (1) was used, (2) had six cylinders, and (3) carried no warranty.
The documentation of the sale was mailed to the plaintiff on March 28, 1981, but she says she put the papers away without looking at them. In February 1982, Mrs. Gonzales went to purchase a tag for her car and was informed that back taxes were owed on a previous tag issued for the car. It was at this time, plaintiff insists, that she learned that the car she had purchased was used. She says that after reviewing the sales documents in her possession, she also found out that the car had six cylinders and did not have a warranty.
On May 10, 1982, plaintiff filed a complaint against U-J Chevrolet, Inc., alleging breach of contract and fraud in the sale of the automobile. She contends that the documents she signed on March 27, 1981, were altered before being sent to her and that the representations made by the salesman concerning the car were false.
On February 11, 1983, both parties agreed to treat the defendant's motion to dismiss Counts I, II, and III, the fraud claims, as a motion for summary judgment. The bases of the motion were that the plaintiff failed to state a claim upon which relief could be granted and that the fraud counts were filed outside the statute of limitations. The trial court granted the motion in favor of U-J Chevrolet on February 17, 1983, with costs taxed to Mrs. Gonzales.
On February 22, 1983, plaintiff filed a motion to alter, amend, or vacate the judgment, pursuant to Rule 59(e), A.R.Civ.P., and also filed an amended complaint naming Carl Sharitt, the salesman, as an additional defendant. A second amended complaint was filed on May 9, 1983, striking any claims against defendant Carl Sharitt. The trial court again considered U-J Chevrolet's motion to dismiss as to the amended complaint and treated it as a motion for summary judgment. Judgment was entered on August 9, 1983, in favor of the defendant on the fraud counts. The judgment was made final pursuant to Rule 54(b), A.R.Civ.P., and Mrs. Gonzales appealed.
The only issue for review is whether the trial court properly entered summary judgment on plaintiff's fraud counts in this case. The "Order Correcting Trial Record" of February 28, 1984, states that "[t]he sole ground for the dismissal of Plaintiff's fraud claims contained in Counts One, Two, and Three of the complaint was the one year statute of limitations."
As the facts indicate, plaintiff purchased her car on March 27, 1981, and filed the present lawsuit on May 10, 1982, some thirteen months later. The statute of limitations for fraud actions is one year. Code of 1975, § 6-2-39. Therefore, plaintiff's fraud counts can stand only if they come within the saving provision in § 6-2-3, which states:
"In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have one year within which to prosecute his action."
In interpreting this section, this Court has consistently held that facts constituting fraud are deemed discovered when they should have been discovered. Retail, Wholesale & Dept. Store Employees Union v. McGriff, 398 So.2d 249 (Ala.1981); *247 Seybold v. Magnolia Land Co., 376 So.2d 1083 (Ala.1979). The documentation representing the sale was mailed to plaintiff the day after the purchase was made and remained in her possession. It is clear on the face of these documents that the car Mrs. Gonzales purchased was a used, six cylinder, 1981 Monte Carlo.
Fraud is deemed to have been discovered when the person either actually discovered, or when the person ought to or should have discovered, facts which would provoke inquiry by a person of ordinary prudence, and, by simple investigation of the facts, the fraud would have been discovered. Papastefan v. B & L Construction Co., 385 So.2d 966 (Ala.1980); Johnson v. Shenandoah Life Ins. Co., 291 Ala. 389, 281 So.2d 636 (1973). Further, if the facts regarding the discovery issue are uncontroverted and show that the discovery occurred more than one year prior to the bringing of the suit, summary judgment is proper. Moulder v. Chambers, 390 So.2d 1044 (Ala.1980). The record shows that Mrs. Gonzales read and signed the sales documents the day she purchased the car. These documents, which were before the trial court, clearly show that the car was used and that a previous tag had been issued to the carfurther evidence which indicated that the car was used. She had these documents in her possession shortly after the sale. This Court in McGriff, supra, held that a retired employee's cause of action for fraud first accrued when the employee received correspondence from his union indicating that a pension would be denied. The date the correspondence was received was the date the fraud was or should have been discovered.
In the present case, Mrs. Gonzales should have been on notice of any misrepresentations or fraud in the sale of the car when she received the documentation for the sale. The commencement of her action with regard to the fraud counts was beyond the applicable one-year limitations period. For the reasons stated, the grant of summary judgment by the trial court is due to be, and it hereby is, affirmed.
REHEARING GRANTED; DISMISSAL SET ASIDE; AFFIRMED.
TORBERT, C.J., and MADDOX and SHORES, JJ., concur.
JONES, J., concurs in the result.