This appeal challenges the following "Memorandum Opinion and Order of Dismissal":
 "This case comes on for consideration by the Court on the defendants' motion to dismiss the complaint. The plaintiff, who is an attorney and represents herself, once amended the original complaint. The defendants have submitted seven reasons why the complaint should be dismissed, but they appear to rely primarily upon the statute of limitations. *Page 719 
 "The complaint alleges fraud. In fraud cases, facts constituting defendant's fraud and plaintiff's reliance must, of course, be alleged with particularity. (Rule 9 (b), Ala.R.Civ.P.) While plaintiff has alleged some facts with specificity, other important elements of the tort are rather generally set out in the complaint. The facts alleged are unusual, but for purposes of this motion must be considered true. Miller claims that, before she was hired by SCI Systems, Inc. (SCI), she heard that Olin King, the Chairman of its Board of Directors, had fired an employee. She inquired of her interviewers (A.E. Sapp, Jr. and Harvey Harkness) what protection she would have if King wanted her fired. According to her, Sapp and Harkness represented to Miller that King no longer had any control over employees, and had no power to terminate employees. She claims to have left another job and accepted employment at SCI in reliance upon this representation. Thus, Miller's case fundamentally rests upon her information that King, SCI's Chairman of the Board, had no control over employees and no power to terminate employees, including Miller.[1]
 "The statute of limitations in fraud cases expires one year after the fraud is actually discovered or should have been discovered. (Ala. Code § 6-2-3
(1975).) The statute begins to run when the plaintiff learns facts which would provoke inquiry by a person of ordinary prudence and, by simple investigation of the facts, the fraud would have been discovered. See, e.g., Sexton v. Liberty National Life Ins. Co., 405 So.2d 18 (Ala. 1981); Gonzales v. U-J Chevrolet Company, Inc., [451 So.2d 244 (Ala. 1984)]. If the face of the complaint demonstrates that discovery occurred more than one year prior to the bringing of the suit, dismissal is proper. See, Gonzales v. U-J Chevrolet Company, Inc., supra; Miller v. Mobile County Board of Health, 409 So.2d 420 (Ala. 1982). Here it does.
 "This complaint was filed August 15, 1984. However, according to the complaint, King threatened, bullied, and harassed Miller on May 25, 1983. He also promised her she would be fired from her job. Thus, plaintiff has alleged that, in May 1983, King quite clearly asserted his right to control her and, if necessary, fire her.
 "If the plaintiff retained any illusions regarding King's power, they were dispelled by Harkness the day after her May 25th meeting with King. Apparently having learned enough in her meeting with King to provoke inquiry, plaintiff asked Harkness about King's influence in terminating employees. Harkness told her that King probably had the power to force an officer to find some way to terminate an employee's employment. Thus, the true facts clearly were put before her, first by King and then by Harkness. Olin King indeed could control and terminate employees. At least by May 26, 1983, the fraud statute of limitations had begun to run.[2]
 "But plaintiff learned more. On June 18, 1983, King again threatened and harassed plaintiff. He asked her to resign. He promised plaintiff she would lose her job at her first mistake. Sapp and Harkness were present during this meeting, but did not offer assistance to plaintiff or defend her in any way. Thus, without any question, on June 18th King asserted his right to control and fire Miller in her presence, and, in the presence of Sapp and Harkness. After this meeting, a person of ordinary prudence would know for certain that King could control and fire employees, including Miller, if he desired. Therefore, it is beyond serious dispute that the statute of limitations had begun to run by June 18, 1983.
 "On August 16, 1983, plaintiff was fired by Harkness on orders from King. These are the very orders Harkness had told her in May 1983 King had the power to give. Moreover, in June 1983 King (in the presence of plaintiff, Harkness, and Sapp) asserted his right to give such orders. Thus she had learned more than one month before her termination that King had the power to control and terminate *Page 720 
employees. She, of course, did not know that King would exercise his control by causing her to be fired. But the fraud alleged is that King could not control or fire her. Whether he would do so is irrelevant to the fraud alleged. When she learned he could, the statute began to run.
 "Plaintiff also alleges suppression of a material fact. (Ala. Code § 6-5-102 (1975).) She asserts that Sapp and Harkness were under a duty to communicate to her any change in their original representations regarding King's control over, and power to terminate, employees. King is said to have cooperated in this. The complaint, however, demonstrates ample communication, both by King and by Harkness. Far from failing to communicate, more than one year prior to suit King twice told plaintiff that she would be fired if she made a mistake. Furthermore, Harkness also told plaintiff that King had the power to force the termination of employees.
 "Assuming failure to communicate, silence is actionable fraud only when there is a duty to disclose facts due to a confidential relationship or the presence of special circumstances. E.g., Holdbrooks v. Central Bank of Alabama, 435 So.2d 1250
(Ala. 1983). The plaintiff has alleged the relationship and circumstances which, she says, created such a duty. She asserts that, upon employment, a fiduciary relationship of employer-employee or principal-agent arose. But she was not the agent or employee of King, Sapp, or Harkness. Thus, she has not alleged any relationship or circumstances with respect to them which created a duty to disclose. Moreover, a principal or employer is not the fiduciary of the agent or employee.
 "In summary, plaintiff's claims of misrepresentation and suppression are time-barred. Miller's claim of suppression is insufficient because of the failure to allege facts creating a duty to disclose, and, because the facts she does allege demonstrate disclosure.
 "Accordingly, it is ORDERED, ADJUDGED, and DECREED that plaintiff's complaint be, and the same hereby is, DISMISSED. Costs are taxed to the plaintiff.
"DONE and ORDERED this 13th day of December, 1984.
 "/s/ Lynwood Smith
Circuit Judge"
[1] "The plaintiff does not allege breach of contract, apparently because she was an employee at will. See e.g., Kitsos v. MobileGas Service Corp., 431 So.2d 1150 (Ala. 1983)."
[2] "Miller claims she had no facts until she was actually fired on August 16, 1983. But the issue is not whether King in factwould fire her. Rather, the misrepresentation was that King lacked the power to do so. (See the text at footnote 1, supra.)
Therefore, the statute began to run when she learned that he, indeed, could control and terminate employees. If plaintiff were injured, it was because she left another employer and accepted employment with SCI in reliance upon the alleged representation. Termination of employment by SCI would not be an element of her lawsuit."
We adopt the opinion of the trial court as the opinion of this Court.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, SHORES and BEATTY, JJ., concur.