This is an appeal from granting of summary judgment in favor of defendants.
Plaintiffs, Marion Denton and her daughter, Debra Denton, sued defendants, Boyd and Karen Edmiston, on January 6, 1984, alleging that on January 5, 1981 defendants wrongfully attached property of plaintiffs. This action arose from a suit filed by the Edmistons against Marion Denton.
It appears that the relationship of landlord and tenant, under a lease, existed between the Edmistons and Marion Denton in 1979 and 1980, and there was an arrearage in the rent due. The Edmistons, therefore, filed suit against Marion Denton in district court for $1,400 arrearage and also sued out an attachment claiming a landlord's lien on the property located in the dwelling. According to the sheriff's return, Marion Denton had moved to Indiana and no service of process was made on her. The Edmistons then served notice by publication and on June 11, 1981 the district court entered a default judgment against Marion Denton in the sum of $1,950. No order was made concerning the attached personal property. Subsequent to the judgment, the Edmistons obtained the Dentons' personal property and sold it to satisfy the amounts due them.
The Dentons then brought suit against the Edmistons, alleging wrongful attachment of their property. To the Dentons' suit the Edmistons pleaded the three year statute of limitations. § 6-7-148, Code 1975.
The Dentons moved for a summary judgment on August 15, 1984 on their original complaint, alleging failure to give notice, failure of the district court's judgment to reflect publication, and that the personal judgment was void due to lack of personal service. On August 16, 1984 the Edmistons moved for summary judgment on the Dentons' original complaint, alleging that the Dentons' action for wrongful attachment was barred by the statute of limitations and the doctrine of res judicata, and that the attachment of the Dentons' property was proper. On August 28, 1984, after both parties had moved for summary judgment, the Dentons filed an amended complaint. In their amended complaint the Dentons sought damages against the Edmistons for conversion of their property and sought relief under rule 60 (b)(4), Alabama Rules of Civil Procedure, from the default judgment entered against them on June 11, 1981. The Edmistons then filed a supplemental motion for summary judgment, asking that the court dismiss the Dentons' action and, in particular, dismiss the Dentons' amended complaint. On January 17, 1985 the trial court denied the Dentons' motion for summary judgment and granted the Edmistons' motion.
Section 6-6-148, Code 1975, requires that action on bonds for wrongful attachment must be commenced within three years of the suing out of an attachment. Three years having expired prior to the Dentons' bringing this action on said bond, the trial court correctly granted the Edmistons a summary judgment on that aspect of the Dentons' complaint alleging wrongful attachment.Gonzales v. U.J. Chevrolet Co., 451 So.2d 244 (Ala. 1984);Jackson v. Daily, 451 So.2d 293 (Ala. 1984). The trial court also correctly denied the Dentons' motion for summary judgment on *Page 879 
their original complaint, as it is based upon the proceedings of the attachment, which are barred by the statute of limitations. Gonzales v. U.J. Chevrolet Co., supra.
As to the aspect of the Dentons' amended complaint alleging conversion, it was error to grant the Edmistons' motion for summary judgment. "A party moving for summary judgment has the burden of clearly showing that under no discernible set of circumstances could the other party recover and that there is an absence of a genuine issue as to any material fact." Butlerv. Michigan Mutual Insurance Co., 402 So.2d 949 (Ala. 1981) (citations omitted). Genuine issues of fact existed as to the ownership of the property attached, the validity of the attachment and judgment in district court, and whether the attachment was dissolved by the district court's judgment. SeeJennings v. Wysong, 276 Ala. 692, 166 So.2d 420 (1964) (an attachment is purely ancillary to the main suit and if the court enters a judgment for the amount of plaintiff's claim, and makes no order as to the attached property, the attachment is released).
The Dentons' amended complaint further requested relief from the default judgment under rule 60 (b)(4). The rule 60 (b)(4) motion constitutes a collateral attack on the district court judgment, and the general rule is that a judgment cannot be the subject of a collateral attack unless such judgment is void.Monroe v. Monroe, 356 So.2d 196 (Ala.Civ.App. 1978). The lack of jurisdiction, either over the person or over the subject matter, renders a judgment void. Nigg v. Smith, 415 So.2d 1082
(Ala. 1982). As stated in 7 J. Moore, Moore's Federal Practice
¶ 60.41[2] (2d ed. 1985), "since a void judgment is legally ineffective it is subject to collateral attack at any time in any proceeding, where the validity of the judgment is appropriately put in issue." (footnote omitted) The Dentons allege that the judgment is void because the trial court failed to recite in its judgment facts showing compliance with the requirements for service by publication. See, e.g., Wilmerdingv. Corbin Banking Co., 126 Ala. 268, 28 So. 640 (1900). The Dentons further allege that the district court's judgment is void for lack of service of process and consequent lack of jurisdiction. Specifically, they contend that Marion Denton was not given notice of the attachment and levy of their property as required under section 6-6-81, Code 1975. The validity of the district court's judgment is a genuine issue of a material fact and it was error to summarily dismiss the Dentons' rule 60 (b)(4) motion.
Therefore, the summary judgment on that aspect of the Dentons' claim for damages for wrongful attachment is hereby affirmed, and the summary judgment to that aspect of the Dentons' claim for conversion and rule 60 (b)(4) relief is hereby reversed and remanded.
The foregoing opinion was prepared by Retired Circuit Judge Robert M. Parker while serving on active duty status as a judge of this court under the provisions of section 12-18-10 (e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
All the Judges concur.