I respectfully dissent.
The main opinion recognizes an additional exception to our general rule against review by mandamus of orders denying a motion to dismiss on the basis of forum non conveniens
pursuant to § 6-5-430, Ala. Code 1975. I disagree with that aspect of the main opinion essentially dismissing the Alabama-based misrepresentation claim alleged in the complaint with prejudice for failure to allege that the decedent had relied on the misrepresentation so as to permit a dismissal of that claim under § 6-5-430.
"`In fraud cases, facts constituting defendant's fraud and plaintiffs reliance must, of course, be alleged with particularity. (Rule 9(b), Ala. R. Civ. P.).'" Miller v. SCISys., Inc., 479 So.2d 718, 719 (Ala. 1985) (quoting and adopting trial court's opinion). In effect, we have found the complaint in this proceeding defective for failing to allege fraud with particularity. My concern is that in the ordinary course of disposing of such motions in the trial court, a defect of this nature would be subject to the liberal allowance of an amendment pursuant to Rule 15(a), Ala. R. Civ. P. ("[A] party may amend a pleading without leave of court . . . and such amendment shall be freely allowed when justice so requires."). I cannot fault the plaintiff for not amending her complaint after DaimlerChrysler Corporation and Pierson Chevrolet filed their motion to dismiss asserting the absence of allegedly necessary allegations, because the trial court denied the motion.
Under the analogous federal rule, it has been stated:
 "But an insufficient allegation of fraud or mistake under Rule 9(b) is subject to the liberal amendment provisions of Federal Rule 15, and, as the voluminous citations in the note below indicates, numerous cases have applied the two rules together. The result is that in most instances, when a motion based on a lack of sufficient particularity under Rule 9(b) is granted, whether or not coupled with a motion to dismiss, it will be with *Page 1101 
leave to amend the deficient pleading. Thus, a failure to satisfy Rule 9(b) will not automatically lead to a dismissal of the action, let alone one that leads to a judgment on the merits."
5A Charles A. Wright and Arthur R. Miller, Federal Practiceand Procedure § 1300 (2004) (footnote omitted).
I am not prepared to say that an amendment adding the allegation that the decedent had relied on an alleged misrepresentation would be either sufficient or insufficient under our fraud law at this stage of the proceeding. I would deny the petition, noting that (1) although serious questions exist as to the propriety of the denial of the motion to dismiss based upon the doctrine offorum non conveniens, the question whether the trial court erred in denying the motion to dismiss for failure to state a claim is not before us; (2) the question of the effect of evidence of the decedent's reliance is a fact-intensive matter not presently before us; (3) in the event of the entry of a partial summary judgment in favor of DaimlerChrysler Corporation and Pierson Chevrolet, the question of dismissal based uponforum non conveniens grounds would then become ripe; and (4) a denial of a partial summary judgment under these circumstances would be an appropriate circumstance for resort to a petition for permission to appeal pursuant to Rule 5, Ala. R.App. P., given the connection between the ruling on the misrepresentation claim and the issue of a dismissal pursuant to the doctrine of forum non conveniens.