PER CURIAM.
Mike Brooks Car World, Inc. (“the dealership”), one of the defendants below, appeals from a judgment in favor of the plaintiffs below, Cordell Sudduth and Tina Sudduth. We reverse and remand with instructions.
On March 17, 2008, the Sudduths sued the dealership and Debbie Miller, one of the dealership’s employees. The Sudduths alleged that, on March 21, 2006, the dealership and Miller had represented to the Sudduths that the odometer of a 1994 Pontiac Grand Prix automobile (“the automobile”), which showed mileage of 67,647 miles, showed the actual mileage of the automobile; that that representation was false; that the dealership and Miller knew that that representation was false; and that the Sudduths, in reliance on that representation, had bought the automobile and had thereby suffered damage. Answering the Sudduths’ complaint, the dealership and Miller admitted that the Sud-duths had purchased the automobile from the dealership but denied all the other allegations of the complaint.
On November 24, 2008, the trial court received evidence ore tenus at a bench trial. During the Sudduths’ case-in-chief, Mr. Sudduth testified that, although Miller had completed the paperwork for the sale of the automobile, another employee of the dealership named Mark Ducker had made the representation to the Sudduths regarding the mileage of the automobile. Specifically, Mr. Sudduth testified that Ducker had represented to the Sudduths that the dealership had a “Carfax” vehicle-history report on the automobile and that Ducker guaranteed the Sudduths that the 67,647 miles shown on the odometer of the automobile was the actual mileage of the automobile. Mr. Sudduth further testified that, after he bought the automobile, he ordered his own Carfax report on the automobile, which apparently indicated that the actual mileage of the automobile was greater than 67,647 miles. The Sudduths attempted to introduce the Carfax report into evidence; however, the dealership objected on the ground that the Carfax report was hearsay, and the trial court sustained the objection. Mr. Sudduth did testify, however, that he went to the dealership immediately after receiving the Carfax report in order to return the automobile and that Ducker, when confronted with the Carfax report, stated that “the miles had probably been run back.” Mr. Sudduth also testified that the dealership refused to allow him to return the automobile.
When the Sudduths bought the automobile, they signed an odometer-disclosure statement, which was introduced into evidence. In pertinent part, the odometer-disclosure statement stated:
“I_state that the odometer now reads 67,647 miles and to the best of my knowledge that it reflects the actual mileage of the vehicle described below, unless one of the following statements is checked.
“ X (1) I hereby certify that to the best of my knowledge the odometer reading reflects the amount of mileage in excess of its mechanical limits.
“_ (2) I hereby certify that the odometer reading is not the actual mileage. Warning — odometer discrepancy.”
(Bold typeface in original.)
The Sudduths’ expert witness testified that the statement indicating that “the *366 odometer reading reflects the amount of mileage in excess of its mechanical limits” was intended to be checked if the mileage shown on the odometer was the amount by which the mileage of the automobile exceeded the mechanical limit of the odometer. The expert further testified that the statement was intended for use when the sale involved an older automobile with an odometer that only registered five figures. Mr. Sudduth testified that the odometer on the automobile the Sudduths bought registered six figures.
At the close of the Sudduths’ case-in-chief, the dealership and Miller moved the trial court for a judgment on partial findings pursuant to Rule 52(b), Ala. R. Civ. P. The trial court granted the motion with respect to Miller, but it denied it with respect to the dealership. Following the trial, the trial court entered a judgment in which it found “that a salesman employed [by the dealership] intentionally committed fraud by misrepresenting material facts to the [Sudduths] inducing [them] to purchase the subject vehicle” and “that [the Sudduths] established [by] clear and convincing evidence that [the dealership] intentionally engaged in fraud by misrepresentation.” The judgment awarded the Sudduths compensatory damages in the amount of $7,094.87 and punitive damages in the amount of $5,000.
The dealership timely moved the trial court to alter, amend, or vacate the judgment on the ground, among others, that the Sudduths had failed to prove that their reliance on Ducker’s representation that the odometer of the automobile showed the actual mileage of the automobile was reasonable. The dealership’s motion was denied by operation of law on May 7, 2009. The dealership then timely appealed to this court.
Because the trial court received ore ten-us evidence, our review of its judgment is governed by the following principles:
“““[W]hen a trial court hears ore tenus testimony, its findings on disputed facts are presumed correct and its judgment based on those findings will not be reversed unless the judgment is palpably erroneous or manifestly unjust.’ ” ’ Water Works & Sanitary Sewer Bd. v. Parks, 977 So.2d 440, 443 (Ala.2007) (quoting Fadalla v. Fadalla, 929 So.2d 429, 433 (Ala.2005), quoting in turn Philpot v. State, 843 So.2d 122, 125 (Ala.2002)). ‘ “The presumption of correctness, however, is rebuttable and may be overcome where there is insufficient evidence presented to the trial court to sustain its judgment.” ’ Wattman v. Rowell, 913 So.2d 1083, 1086 (Ala.2005) (quoting Dennis v. Dobbs, 474 So.2d 77, 79 (Ala.1985)). ‘Additionally, the ore tenus rule does not extend to cloak with a presumption of correctness a trial judge’s conclusions of law or the incorrect application of law to the facts.’ Wattman v. Rowell, 913 So.2d at 1086.”
Retail Developers of Alabama, LLC v. East Gadsden Golf Club, Inc., 985 So.2d 924, 929 (Ala.2007).
The dispositive issue is whether the Sudduths proved that their reliance on Ducker’s representation that the odometer of the automobile showed the actual mileage of the automobile was reasonable. *367 in Torres v. State Farm Fire & Casualty Co., 438 So.2d 757, 758-59 (Ala.1983):
*366 “To recover in a fraud action filed after March 14, 1997, a plaintiff must prove that he or she reasonably relied on the defendant’s alleged misrepresentation. Foremost Ins. Co. v. Parham, 693 So.2d 409 (Ala.1997). The reasonable-reliance standard was the law before the release of Hickox v. Stover, 551 So.2d 259 (Ala.1989), and again became the law for all actions filed after March 14, 1997. This standard was well-stated
*367 “ ‘Because it is the policy of courts not only to discourage fraud but also to discourage negligence and inattention to one’s own interests, the right of reliance comes with a concomitant duty on the part of the plaintiffs to exercise some measure of precaution to safeguard their interests. In order to recover for misrepresentation, the plaintiffs’ reliance must, therefore, have been reasonable under the circumstances ....
“ ‘ “If the purchaser blindly trusts, where he should not, and closes his eyes where ordinary diligence requires him to see, he is willingly deceived, and the maxim applies, ‘vol[e]nti non fit injuria.’ ”[1]
“ ‘Munroe v. Pritchett, 16 Ala. 785, 789 (1849).’ ”
Alfa Life Ins. Corp. v. Green, 881 So.2d 987, 991-92 (Ala.2003) (footnote omitted).
“The return to the reasonable-reliance standard imposes again on a plaintiff a ‘general duty ... to read the documents received in connection with a particular transaction,’ Foremost [Ins. Co. v. Parham], 693 So.2d [409] at 421 [(Ala.1997) ], together with a duty to inquire and investigate. ‘Fraud is deemed to have been discovered when the person either actually discovered, or when the person ought to or should have discovered, facts which would provoke inquiry by a person of ordinary prudence, and, by simple investigation of the facts, the fraud would have been discovered.’ Gonzales v. U-J Chevrolet Co., 451 So.2d 244, 247 (Ala.1984). As this Court stated in Ex parte Caver, 742 So.2d 168, 172-73 (Ala.1999):
‘“Foremost ended the era of “ostri-chism” that had been heralded in when this Court adopted the “justifiable reliance” standard in Hickox v. Stover, 551 So.2d 259 (Ala.1989), and it foreclosed the right of a person to blindly rely on an agent’s oral representations or silence to the exclusion of written disclosures in a policy.’
“When reviewing a plaintiffs actions pursuant to the reasonable-reliance standard, this Court has consistently held that a plaintiff who is capable of reading documents, but who does not read them or investigate facts that should provoke inquiry, has not reasonably relied upon a defendant’s oral representations that contradict the written terms in the documents.”
AmerUS Life Ins. Co. v. Smith, 5 So.3d 1200, 1208 (Ala.2008).
The dealership argues that because (1) the odometer-disclosure statement given to the Sudduths indicated that the odometer did not show the actual mileage of the automobile if either of two statements had a check mark beside it and (2) one of those two statements had a check mark beside it, the Sudduths could not, as a matter of law, have reasonably relied on Ducker’s representation that the odometer showed the actual mileage of the automobile. We agree. Regardless of whether the automobile had an odometer registering five figures or six figures, the odometer-disclosure statement clearly indicated that the odometer did not show the actual mileage of the automobile. Given that disclosure, the Sudduths could not have reasonably relied on the oral representation that the odometer showed the actual mileage of the automobile. See AmerUS, su *368 pra. Accordingly, we reverse the trial court’s judgment and remand the action with instructions for the trial court to enter a judgment in favor of the dealership.
REVERSED AND REMANDED WITH INSTRUCTIONS.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
THOMPSON, P.J., concurs in the result, dissents from the rationale, and dissents from the instructions on remand.

1. See Black’s Law Dictionary 1605 (8th ed. 2004), defining the maxim "volenti non fit injuria" as “[t]he principle that a person who knowingly and voluntarily risks danger cannot recover for any resulting injury.”