Wayne P. Jarrard appeals from a summary judgment rendered against him in a fraud action in the Mobile County Circuit Court. We reverse.
Jarrard arranged for a meeting with Jack Green, an insurance salesman with *Page 585 
Nationwide Mutual Insurance Company (hereinafter "Nationwide"), at which Green was to discuss medical insurance with Jarrard and his wife. Paul Chisholm, the Nationwide district sales manager, accompanied Green to this meeting, and, while there, both agents reviewed the Jarrards' then-existing policy with Blue Cross/Blue Shield of Alabama. The Jarrards told them that they wanted better coverage in several areas and a more stable premium. The Jarrards allege that Green and Chisholm told them that the policy offered by Nationwide provided coverage equal to or better than that provided in their Blue Cross policy. There is no dispute that Green and Chisholm made a statement to this effect. The Jarrards applied for the insurance and received the policy on December 22, 1978.
On June 5, 1981, Rev. Jarrard was hospitalized and underwent surgery to correct internal hemorrhaging. His hospital bill totalled $7,692.25, with physician bills of approximately $3,500.00. Jarrard was due to be released on June 16, 1981. However, that day, the hospital insurance clerk informed Jarrard that his insurance would only pay $2,880.00 of the $7,692.25 bill. Upon hearing this, Jarrard called Green's office. Green was out of the office, but his secretary pulled the file and convinced the insurance clerk at the hospital that the insurance would pay for "most everything" — that the most Jarrard could possibly owe would be a difference in the room rates and a few extras amounting to approximately $850.00. Consequently, Jarrard and his wife signed a note for that amount, and he was discharged. As soon as Green could be reached, he also assured the Jarrards that they need not worry. When Jarrard asked about the ambulance and radiology bills, Green said to bring them all to him and he would take care of them, and he did. When the Jarrards went to Green's office on Monday, June 22, Green again told them, in person, not to worry — that they were fully covered.
A few days later, approximately July 9, the Jarrards received a copy of a check from Nationwide to the hospital in the amount of $2,880.00. Jarrard again called Green, who assured him that some more money should be coming. When no more payments were made by Nationwide, the hospital sent the Jarrards a bill for the additional amount. Again, they talked to Green, who said that, apparently, that was all the coverage they had. Green suggested that the Jarrards talk to Chisholm, and they did so on or about July 22, 1981, at Chisholm's office. The Jarrards inquired about Nationwide's failure to pay the rest of the hospital costs. They pointed out that Chisholm and Green had told them when they bought the Nationwide policy that it was equal to or better than the one they had. Chisholm instructed the Jarrards to make available to him complete information on what hospital expenses Blue Cross would have purportedly covered. Nationwide made no further payments for hospital expenses.
On June 25, 1982, Jarrard filed this action against Nationwide, Green, and Chisholm, alleging that they fraudulently induced him to purchase the policy. (Chisholm died during the pendency of this action, and the claim against him was not pursued.) The defendants answered by general denial and raised a statute of limitations defense. After completion of discovery, Nationwide and Green moved for summary judgment; they argued that the statement made by Green and Chisholm could not support a claim of fraud and that the statute of limitations period had expired. The court granted the defendants' motion for summary judgment. Jarrard filed motions to vacate the order and to amend his complaint. Jarrard's motion was denied, and this appeal followed.
This case presents two issues: (1) whether the allegedly fraudulent statement by Green and Chisholm that the Nationwide policy provided coverage equal to or better than that of the Blue Cross policy is actionable; and (2) whether Jarrard commenced this action within the statute of limitations period. We review these issues according to the standard appropriate for summary judgments. Rule 56 (c), A.R.Civ.P., provides that summary judgment may be *Page 586 
granted only when the materials on file show that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." If there is a scintilla of evidence supporting the position of the non-moving party, then the court must overrule the motion for summary judgment and allow the jury to hear the case. Campbell v.Alabama Power Co., 378 So.2d 718 (Ala. 1979). On appeal, we look at the materials presented to the trial court and determine for ourselves, in light of the scintilla rule, whether there were any triable issues of fact due to be decided by the jury. Chiniche v. Smith, 374 So.2d 872 (Ala. 1979).
The first issue presented in this case is whether the "equal or better coverage" statement is an actionable misrepresentation. According to Code 1975, § 6-5-101:
 "Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud."
Regardless of whether the representation is made willfully, recklessly, or mistakenly, four elements must be present: (1) there must be a false representation; (2) the false representation must concern a material existing fact; (3) the plaintiff must rely upon the false representation; and (4) the plaintiff must be damaged as a proximate result. InternationalResorts, Inc. v. Lambert, 350 So.2d 391 (Ala. 1977).
The evidence before us presents a fact issue as to whether a false representation was made, i.e., whether Green and Chisholm actually compared the Nationwide policy against the Blue Cross policy and, after learning otherwise, told the Jarrards that the Nationwide policy provided hospitalization coverage equal to, or greater than, that provided by the Blue Cross policy. The statement concerned a material existing fact in that the Jarrards were seeking to improve their existing hospitalization coverage, and the Jarrards stated that they relied on the statement when they canceled their Blue Cross policy and bought the Nationwide policy. Finally, the Jarrards offer evidence that they suffered compensatory damages of $4,812.25 — the additional amount Blue Cross would have paid towards the hospital bill.
Nationwide and Green do not deny that the statement was made, but contend that it was either an expression of opinion or mere "puffery" or "sales talk." "Although the denomination of a representation as one of opinion or fact is not in itself conclusive, the ultimate determination of the true nature of a given representation depends upon all the circumstances of the particular case." Jones v. McGuffin, 454 So.2d 509, 512 (Ala. 1984). According to the allegations of this case, Green and Chisholm made the statement only after they compared the two policies. The statement, therefore, was supposedly grounded in fact. These same allegations would also dispel the notion that the statement was mere puffery.
Additionally, we note that the legislature has eliminated this defense in the context of this case. Section 27-12-6, Ala. Code 1975, provides:
 "No person shall make or issue, or cause to be made or issued, any written or oral statement misrepresenting or making misleading incomplete comparisons as to the terms, conditions or benefits contained in any policy for the purpose of inducing, or attempting or tending to induce, the policyholder to lapse, forfeit, surrender, retain, exchange or convert any insurance policy."
Thus, this statute expressly forbids what the Jarrards say the defendants did. The defendants were not entitled to summary judgment on the grounds that the statement was not actionable, despite the characterization given by the defendants. There was sufficient evidence to produce a genuine issue of material fact, suitable for jury determination.
The second issue is whether Jarrard filed this action within the applicable statute of limitations time period. An action *Page 587 
for fraud must be "commenced within one year." Code 1975, §6-2-39 (a)(5).[1] However, the running of the statutory period does not commence until discovery of the fact constituting the fraud or discovery of facts which would provoke inquiry in the mind of a reasonable and prudent person, which, if followed up, would lead to the discovery of the fraud. Code 1975, § 6-2-3;Papastefan v. B L Construction Co., 356 So.2d 158 (Ala. 1978).
Nationwide and Green contend that the one-year limitations period bars Jarrard's claim because he discovered the alleged fraud, at the latest, on June 16, 1981, when the hospital clerk informed him that Nationwide would pay only $2,880.00 of the hospital bill, but he did not file this action until June 25, 1982. However, the defendants fail to continue the story. When the hospital clerk called Green's office on June 16, Green's secretary told the clerk that Nationwide would indeed cover most of the bill. And, as late as July 22, 1982, Jarrard was time and again assured by Green himself that Nationwide would provide the coverage. In light of these circumstances, there is evidence from which a jury could conclude that there was continuing misrepresentation as to coverage. Sims v. Lewis,374 So.2d 298 (Ala. 1979); Ratledge v. H W, Inc., 435 So.2d 7
(Ala. 1983). There is, likewise, evidence from which a jury could conclude that Green and other agents of Nationwide fraudulently withheld the truth about coverage from Jarrard after a duty to disclose the facts as to coverage arose. In either case, a jury issue is presented as to whether the action is barred by the statute of limitations.
In their brief, the defendants raise for the first time an issue regarding punitive damages. We do not address this issue, as it was not presented to the trial court.
We reverse the judgment of the trial court on the two issues discussed above. Because there were triable issues of fact, summary judgment was inappropriate.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.
[1] Effective January 9, 1985, the statute of limitations provides a two-year limit for fraud actions. Code 1975, §6-2-38 (l), amended 1985; Act 85-39, § 1, Alabama Acts 1984-85 (Second Special Session).