BRADLEY, Presiding Judge.
This appeal involves a claim, by a City of Montgomery fireman, alleging deprivation of his due process and equal protection rights.
At the outset we note that the fireman, William G. Smith, was dismissed from his duties as a Montgomery fireman in June 1985 because of his “failure to meet minimum requirements of physical fitness as set out by the fire department as a bona fide occupational qualification.”
In a letter directed to Smith’s attorney, the following facts were made known concerning the history of Smith’s weight problem:
“The physical fitness requirements were the result of a program which was implemented in November of 1982 and progressed over a period of two and a half to three years whereby each fireman in the department was given the opportunity to comply with the minimum physical fitness requirements. In July of 1984, the department instituted an evaluation and motivation program for those individuals who had not met the physical requirements over the three year period. On January 9, 1985, a ninety day program was instituted for those who did not voluntarily meet the requirements. Approximately twenty-six individuals, including Mr. Smith, were ordered to lose seventy percent of their overweight pounds. Mr. Smith was evaluated by a doctor of internal medicine as being physically able to participate in the exercise program safely.
“At the end of the ninety day program, seven individuals from the fire department were still overweight on May 1, *310 1985. Each of the seven individuals was given thirty more days to come within the seventy percent minimum weight requirement.
“On May 1, 1985, Mr. Smith weighed 233 pounds and needed to be 210 or under to be in compliance with the official weight control program. At the end of the special thirty day extension, Mr. Smith still weighed 225 pounds. Mr. Smith was the only person in the entire fire department who had not complied with the weight control program. This was in direct violation of Chief Grier’s memorandum to Firefighter Smith on May 1, 1985 in which Chief Grier informed Firefighter Smith that if the requirements of the weight program were not met it would be his recommendation that Firefighter Smith would be terminated as an employee of the fire department.
“During his entire tenure with the Montgomery Fire Department, Mr. Smith has had a weight control problem which seriously affected the performance of his duties. Mr. Smith’s weight has, at one point or another, been as high as 270 plus pounds. This was not only detrimental to Mr. Smith but was detrimental to the safety of the other firemen who were required to work with him.”
In short, Smith had been given clear opportunity to correct his weight problem.
Smith maintains that pursuant to 1971 Ala.Acts No. 71-2280(5)(b) the minimal qualifications for firefighters must be set by the City and County of Montgomery Personnel Board (Personnel Board). He further asserts that the specific physical requirement for which he was fired — inability to maintain a specified weight — was adopted by the Fire Department without the approval of the Personnel Board. Consequently, Smith alleges he could not properly be fired for violating these standards and that the application of such qualifications to him was a violation of his due process and equal protection rights.
This case comes to us on appeal from a grant of summary judgment in favor of appellees. Thus, we review Smith’s contentions to see if a scintilla of evidence was presented to the trial court so that there existed a triable issue of fact. Jarrard v. Nationwide Mutual Insurance Co., 495 So.2d 584 (Ala.1986). If there was a scintilla of evidence supporting Smith’s position, then the summary judgment was improper. Jarrará.
The provision of 1971 Ala.Acts No. 71-2280 (the Act) on which Smith relies provides as follows:
“Section 5. In addition to such other matters as may be necessary and proper to carry out the intent and purposes of this Act, rules shall be formulated and adopted by the Personnel Board establishing specific procedures to govern the following phases of the personnel program:
[[Image here]]
“(b) The formulation of minimum standards and qualifications for each class of position.”
Smith further maintains that the rules and regulations of the Personnel Board also require that they, not the Department, implement whatever minimum . qualifications apply to the firefighter position. Those rules as cited by Smith are as follows:
“The functions of the Board are:
[[Image here]]
“(5) To hold hearings on and adopt or revise the position classification plan.”
Rule III, Section 2(c), City and County of Montgomery Personnel Board Rules and Regulations.
“Purpose — The classification plan provides for the grouping into a single class positions which involve substantially the same kind of work, equal difficulty, responsibility and comparable qualifications for work performance. The classification plan consists of:
[[Image here]]
“(b) written specifications describing the nature and requirements of work of positions of each class....”
Rule V, Section 1, City and County of Montgomery Personnel Board Rules and Regulations.
Although we agree that the Act and the rules cited by Smith establish that the Personnel Board is responsible for estab *311 lishing the minimum criteria for positions, we find that both the Act and the rules and regulations of the Board do not prohibit the Fire Department from expanding on the Board’s established requirements.
In short, we find that the Personnel Board has validly established minimum criteria for the position of firefighter and that the Fire Department validly expanded those minimum qualifications via the weight control program. We base our decision on an examination of the Act, the Personnel Board’s Rules and Regulations, and the interpretation afforded to them by the Personnel Board.
Initially we recognize that the Act defines the Personnel Board’s function as “advisory.” Specifically, the Board is “[t]o act in an advisory capacity to the governing bodies of the county and municipality on problems concerning personnel administration.” The Act, § 2(b). Further, as noted by Mr. Smith, the Personnel Board is to formulate the minimum standards and qualifications for each class of position. The Act, § 5(b).
The record reveals the following, established minimum criteria for firefighter applicants: “physical strength and ability and freedom from serious physical defects as indicated by a physical examination.”
We interpret this as the minimum standards as required by the Act and find the Fire Department validly enlarged those requirements. Note the following Personnel Board Rules:
“RULE V — THE CLASSIFICATION PLAN
“Section 1. Purpose — The classification plan provides for the grouping into a single class positions which involve substantially the same kind of work, equal difficulty, responsibility and comparable qualifications for work performance. The classification plan consists of:
[[Image here]]
“(b) written specifications describing the nature and requirements of work of positions of each class....
[[Image here]]
Section 3: Class Specifications — The specifications of the classes of positions in the classification plan and their various parts have the following force and effect:
“(a) The specifications are descriptive and not restrictive. They are intended to indicate the kinds of positions that are allocated to the several classes, as determined by their duties and responsibilities, and shall not be construed as declaring to any extent, or in any way what the duties or responsibilities of any positions shall be, or as limiting or in any way modifying the power of any appointing authority or administrative officer to assign, direct, and control the work of employees under supervision. The use of particular example or illustration shall not be held to exclude others not mentioned that are of similar kind or quality.”
We find that these Rules, when interpreted in light of the Act, extended to the Fire Department the authority to further define the qualifications for firefighter.
Finally, we note that affidavits were filed by various members of the Personnel Board in which each stated that he or she did not interpret the Act as requiring the Personnel Board’s approval prior to the weight control program’s implementation.
We have repeatedly held that the interpretation of an act by the agency which enforces it is entitled to great weight. Robinson v. City of Montgomery, 485 So.2d 695 (Ala.1986). We have examined the Personnel Board’s interpretation of the Act and fail to find it unreasonable. Consequently, we do not find the trial court’s summary judgment entered in favor of ap-pellees to be improper.
Because the weight control program was validly implemented and in effect, Smith’s claims of denial of due process and equal protection fail.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.