The plaintiff, Phillip George, appeals from a summary judgment for the third-party defendant Associated Doctors Health and Life Insurance Company (hereinafter "Associated Doctors").
On a motion for summary judgment, the burden is initially on the movant to make a prima facie showing that there is no genuine issue of material fact (i.e., that there is no dispute as to any material fact) and that the movant is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P.;McClendon v. Mountain Top Indoor Flea Market, Inc.,601 So.2d 957 (Ala. 1992); Elgin v. Alfa Corp., 598 So.2d 807 (Ala. 1992). "The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact." McClendon, at 958; Elgin, at 810-11.
Rule 56 must be read in conjunction with the "substantial evidence rule," § 12-21-12, Ala. Code 1975, for actions filed after June 11, 1987. See Bass v. SouthTrust Bank of BaldwinCounty, 538 So.2d 794, 797-98 (Ala. 1989). In order to defeat a defendant's properly supported motion for summary judgment, the plaintiff must present substantial evidence, i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. FoundersLife Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989). This Court, on review of a summary judgment, reviews the record in a light most favorable to the nonmovant. Wilma Corp. v.Fleming Foods of Alabama, Inc., 613 So.2d 359 (Ala. 1993).
Viewed in a light most favorable to the plaintiff, the evidence suggests the following facts: In September 1987, James George met with an agent for Associated Doctors to discuss the purchase of a Medicare supplement policy for his 78-year-old father, Phillip George. James contends that the agent told him that the Associated Doctors policy was a "better deal" than Mr. George's existing policy and that the Associated Doctors policy would pay for treatment in a skilled nursing care facility. Based upon this information, James advised his father to purchase the policy.
In 1991, Mr. George began to have health problems. James was appointed his attorney-in-fact under a durable power of attorney to handle his financial affairs. Mr. George was hospitalized with a fracture of the left hip, which required hip replacement surgery. After Mr. George's release from the hospital, his physician recommended that he be placed in a skilled nursing facility. James placed him at Mount Royal, after being informed by Mount Royal that it was a skilled nursing facility and that his stay would be covered by Medicare for the first 20 days.
After Mr. George was admitted to Mount Royal, James contacted the agent for Associated Doctors. James contends that the agent told him that, as long as Mount Royal met the criteria for being a skilled nursing facility, the policy would provide coverage, for up to one year.
With the exception of several stays in the hospital, Mr. George remained at Mount Royal from May 1991 until December 1991. Medicare did not cover his entire stay at Mount Royal. Apparently, because of changes in his physical therapy, his care did not always meet the criteria for that required to be provided by a skilled nursing facility; this fact caused a lapse in coverage by Medicare. Payment under the Associated Doctors supplement policy was contingent upon Medicare's providing coverage. Based upon Medicare's coverage, Associated Doctors paid for only a portion of the charges. Associated Doctors contends that, on those occasions for which it did not pay, it failed to do so for two reasons: (1) Medicare did not approve the *Page 862 
care Mr. George received at Mount Royal and, therefore, Associated Doctors, it claimed, had no liability to pay under the policy; or (2) Associated Doctors had not received an "Explanation of Benefits" form as required by the policy.
In 1991, Mount Royal sued Mr. George to collect unpaid medical charges. He counterclaimed, seeking damages based on allegations of fraud and misrepresentation. He also filed a third-party action against Associated Doctors, alleging fraud, misrepresentation, breach of contract, bad faith refusal to pay, and the tort of outrage. The trial court entered a summary judgment for Associated Doctors on all claims and made that judgment final pursuant to Rule 54(b). Mr. George appeals, but only as to the fraud and breach of contract claims.
 Fraud
Ala. Code 1975, § 6-5-101, states:
 "Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud."
Regardless of whether the representation is made willfully, recklessly, or mistakenly, a plaintiff alleging fraud must prove four elements: (1) a false representation; (2) that the false representation concerned a material existing fact; (3) that the plaintiff relied upon the false representation; and (4) that the plaintiff was damaged as a proximate result of the reliance. Jarrard v. Nationwide Mutual Insurance Co.,495 So.2d 584 (Ala. 1986); International Resorts, Inc. v. Lambert,350 So.2d 391 (Ala. 1977). The first alleged misrepresentation, which was alleged to have occurred in 1987, involved the agent's statement to James that the Associated Doctors policy was a "better deal" than Mr. George's existing policy with Liberty National and that the policy would cover skilled nursing care.
In Jarrard, supra, this Court held that an insurance agent's statement that his company's policy would provide an insured with better coverage could constitute a misrepresentation. InJarrard, Nationwide agents met with Rev. Wayne Jarrard and his wife and reviewed their existing policy. The Jarrards told the agents that they wanted better coverage in several areas and a more stable premium. The agents told the Jarrards that the policy offered by Nationwide provided coverage equal to, or better than, that provided by their existing policy. The facts in this case are distinguishable from those presented inJarrard. Here, no comparisons were made between Mr. George's existing policy and the Associated Doctors policy. The agent merely made a blanket statement that the Associated Doctors policy was a "better deal." Mr. George offered no substantial evidence indicating that the Associated Doctors policy was not a "better deal" and, therefore, that the agent's statement was false. Mr. George also contends that the agent's statement that "the policy provided coverage in a skilled nursing facility" was a false representation. The record reveals that the policy does provide coverage in a skilled nursing facility, so long as certain requirements under the policy are met, i.e., provided Medicare approves treatment in a skilled nursing facility and certain claim forms are filed. Mr. George presented no evidence that this second portion of the agent's statement was false.
The second alleged misrepresentation was alleged to have been made in 1991, after Mr. George was admitted to Mount Royal. James contends that he contacted the agent for Associated Doctors to confirm that the policy would provide coverage. The agent confirmed that Mount Royal was a skilled nursing facility and that the policy would provide coverage up to one year. As noted above, the policy does, in fact, provide coverage in a skilled nursing facility if certain conditions are met. Mr. George failed to show that the alleged representation was false.
We hold that Mr. George has failed to overcome Associated Doctors' prima facie showing that there is no genuine issue of material fact as to either fraud count.
 Breach of Contract
As to the breach of contract claim, Mr. George contends that he demanded payment *Page 863 
under the policy and that Associated Doctors has repeatedly refused to pay. Associated Doctors contends that it has fulfilled its obligations under the policy by paying its portion on all claims covered by Medicare and for which a Medicare "Explanation of Benefits" form has been received, as required by the policy. Specifically, Associated Doctors contends that it did not receive the paperwork necessary for it to pay Mr. George's claims. Mr. George makes only a blanket statement that he demanded payment and that Associated Doctors failed to pay. Therefore, we must conclude that Mr. George failed to overcome Associated Doctors' prima facie showing that there is no genuine issue of material fact as to the breach of contract claim.
Based on the foregoing, the judgment of the trial court is affirmed.
AFFIRMED.
HOOPER, C.J., and MADDOX, ALMON, HOUSTON, and COOK, JJ., concur.
BUTTS, J., dissents.