[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 28, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-17243
Non-Argument Calendar

_____

D. C. Docket No. 08-00015-CV-T-N

MICHAEL HARDY,

Plaintiff-Appellant,

versus

J. WALTER WOOD, JR.,
Individually and in his official capacity as
Executive Director of Alabama Department of
Youth Services,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(July 28, 2009)

Before CARNES, HULL and FAY, Circuit Judges.

PER CURIAM:

Michael Hardy, pro se, appeals the grant of summary judgment in favor of J.

Walter Wood, Jr., the Executive Director of the Alabama Department of Youth Services ("DYS"). Hardy's complaint alleged First Amendment retaliation and procedural due process claims, pursuant to 42 U.S.C. § 1983, and a state law claim of fraud, all stemming from his termination from his position as a DYS counselor. After review, we affirm.

## I. BACKGROUND FACTS

### A. Sexual Harassment Complaint Against Hardy

In June 2005, DYS employee, Tera McMillian ("McMillian"), complained that Hardy, her supervisor, had sexually harassed her. DYS's Personnel Manager, Debra Spann, investigated McMillian's complaint and interviewed Hardy on June 28, 2005. During the taped interview, Spann and Hardy discussed two incidents that McMillian alleged were sexual harassment.

On July 14, 2005, while Spann's investigation was pending, Hardy filed a grievance against McMillian. Hardy complained that McMillian had made unsubstantiated derogatory statements about him and had encouraged other employees to file false charges against him.[1] Hardy filed the grievance because he felt he was being "set up" during Spann's investigation.

On July 19, 2005, Spann advised Defendant Wood by letter that she had

---

[1]Although a copy of the grievance is not in the record, the parties agree that these were Hardy's allegations.

completed her investigation and found McMillian's sexual harassment complaint valid. Spann recommended that Hardy be disciplined.

On November 4, 2005, Defendant Wood sent Hardy a letter informing Hardy of Spann's recommendation. Wood advised Hardy that he was alleged "to have made sexual advances and/or to have created a hostile working environment" for McMillian and "to have attempted, among other things, to cause an investigation against [McMillian] for her having filed a complaint against [him]." Defendant Wood specified that Hardy allegedly had violated State Personnel Board rules prohibiting disruptive conduct, use of abusive language, the serious violation of departmental rules and sexual harassment. Wood cited the respective rule numbers.

Defendant Wood also notified Hardy that a hearing on the alleged violations would be held on November 10, 2005, and that Hardy could be represented by an attorney and present witnesses and other evidence. Wood explained that he would review the evidence presented at the hearing and make a decision regarding disciplinary action.

## B. Disciplinary Hearing

The hearing, held on November 15, 2005, was conducted by Marcia Calendar, DYS's Assistant Director. Hardy was represented by counsel, who

submitted numerous documents and presented the testimony of eight witnesses. Afterward, in a December 8, 2005 letter, DYS Assistant Director Calendar advised Defendant Wood that she found the allegations against Hardy were substantiated and recommended that Hardy's employment be terminated.

On January 6, 2006, Defendant Wood advised Hardy by letter that (1) the evidence presented at the November 2005 hearing supported a finding that Hardy had violated the Rules of the State Personnel Board, again listing each rule by number, and (2) Hardy was terminated and had ten days to request a hearing with the Alabama State Personnel Board.

## C.    ALJ Hearing

At Hardy's request, a hearing was held on May 8 and June 10, 2006, before an Administrative Law Judge ("ALJ") with the Alabama Department of Personnel. Hardy was represented by counsel, who introduced exhibits and called witnesses. Hardy testified that he had filed the grievance against McMillian because McMillian asked other staff members to say negative things about him during Spann's sexual harassment investigation.

Following the hearing, the ALJ prepared a recommended order finding that, although Hardy's inappropriate comments to McMillian warranted only discipline, his impermissible use of the grievance process to retaliate against McMillian for

4

filing a sexual harassment complaint warranted termination. On October 17, 2007, the State Personnel Board adopted the ALJ's factual findings and legal conclusions and affirmed Hardy's dismissal.[2]

**D.    This Civil Action**

Hardy, represented by counsel, filed this action in state court. After Defendant Wood removed the action to federal court, Wood moved for summary judgment on all claims. The district court granted Wood's motion for summary judgment on Hardy's First Amendment retaliation, federal procedural due process and state law fraud claims. Subsequently, the district court denied Hardy's motion to alter or amend the judgment as to his procedural due process claim, filed pursuant to Federal Rule of Civil Procedure 59(e). Hardy filed this appeal pro se.

## II. DISCUSSION

**A.    Summary Judgment Order**

On appeal, Hardy argues that the district court erred in granting summary judgment on his constitutional claims.[3] The district court concluded that

---

[2]Hardy appealed his dismissal to the Circuit Court of Montgomery, which reversed the State Personnel Board's order and reinstated him. However, since the district court's summary judgment order, the Alabama Court of Civil Appeals has reversed the Circuit Court and concluded that substantial evidence supports the State Personnel Board's determination. See Ala. State Pers. Bd. v. Hardy, ___ So. 2d ___, No. 2070589, 2008 WL 5424073, at *10-13 (Ala. Civ. App. Dec. 31, 2008).

[3]We review de novo a district court's ruling on summary judgment. Baker v. Birmingham Bd. of Educ., 531 F.3d 1336, 1337 (11th Cir. 2008). The moving party is entitled

Defendant Wood was entitled to qualified immunity on these claims because Hardy had not presented any evidence that Wood had violated Hardy's First Amendment or due process rights in terminating him. See Lewis v. City of West Palm Beach, 561 F.3d 1288, 1291 (11th Cir. 2009) (explaining that a public officer acting within his discretionary authority is entitled to qualified immunity if the district court concludes either that there was no constitutional violation or that the constitutional right allegedly violated was not clearly established). We agree.

To establish a claim of First Amendment retaliation, a public employee must show that his speech was protected by the First Amendment, that is, that he was speaking "as a citizen on a matter of public concern." Battle v. Bd. of Regents for Ga., 468 F.3d 755, 760 (11th Cir. 2006) (quotation marks omitted). Hardy did not present any evidence that he was speaking as a citizen on a matter of public concern when he filed his grievance. The undisputed evidence shows that Hardy filed his internal grievance with Spann, DYS's Personnel Manager, to complain about the way in which the sexual harassment investigation against him was being conducted. At the November 15, 2005 pre-termination hearing, Hardy himself

---

to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding whether summary judgment is appropriate, we view all facts and reasonable inferences in favor of the non-moving party. Baker, 531 F.3d at 1337.

described his grievance as addressing a "job-related" dispute and explained that he filed the grievance because he thought the investigation against him was unfair.

Hardy argues that his grievance bore on a matter of public concern because permitting one of his subordinates to pursue a baseless sexual harassment claim against him would undermine his ability to supervise other employees. In other words, Hardy contends that he pursued his grievance to maintain discipline and order at a public institution. However, "[a] public employee may not transform a personal grievance into a matter of public concern by invoking a supposed popular interest in the way public institutions are run." Boyce v. Andrew, 510 F.3d 1333, 1344 (11th Cir. 2007) (concluding that welfare workers' job-related complaints to supervisor did not address matter of public concern) (quotation marks omitted). Because Hardy spoke as an employee about a job-related matter when he filed his grievance, his speech was not protected by the First Amendment. Thus, Hardy did not create a genuine issue of material fact as to whether Defendant Wood violated his First Amendment rights.

Hardy also argues that summary judgment was improper as to his pre-termination procedural due process claim.[4] A "tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the

---

[4]On appeal, Hardy does not argue that he was deprived of due process after his termination.

employer's evidence and an opportunity to present his side of the story."

Cleveland Bd. Of Educ. v. Loudermill, 470 U.S. 532, 546, 105 S. Ct. 1487, 1495 (1985). Notice in the pre-termination context is sufficient if it notifies the public employee of the charges against him and is timely. Harrison v. Wille, 132 F.3d 679, 684 (11th Cir. 1998). The pre-termination hearing does not have to be "a full evidentiary hearing," or "establish conclusively the propriety of the termination." Id. Rather, the employee "need only be given an opportunity to present his side of the story." Id.

Even assuming arguendo that Hardy had a constitutionally protected interest in his employment, the undisputed evidence shows that Hardy was given adequate pre-termination notice and an opportunity to be heard. First, Spann and Hardy discussed McMillian's sexual harassment charges in the taped June 28, 2005 interview. Spann informed Hardy of specific events McMillian claimed constituted inappropriate behavior. Second, Defendant Wood's November 4, 2005 letter informed Hardy of the allegations against him, including that he (1) made sexual advances towards McMillian, and (2) attempted to instigate an investigation against McMillian because she had filed a sexual harassment complaint against him. Wood's letter listed by number the personnel rules Hardy allegedly violated. The letter informed Hardy there would be a pre-termination hearing on the

8

allegations, at which he could present evidence and be represented by counsel.

The record shows that, at the pre-termination hearing, Hardy was represented by counsel, submitted numerous documents and called eight witnesses in his defense. Indeed, one of the documents Hardy placed in evidence was DYS's grievance procedure, indicating that he understood that his filing of the grievance was at issue in the hearing. Because the undisputed facts show that Hardy was informed of the charges against him and had an opportunity to present his side of the story, there is no genuine issue of material fact as to whether Wood violated Hardy's right to procedural due process before Hardy's termination.

Finally, there is no dispute of fact as to Hardy's state law fraud claim. To establish fraud under Alabama law, the plaintiff must show that: (1) the defendant made a false representation; (2) concerning a material fact; (3) that the plaintiff relied upon; and (4) that the plaintiff was damaged as a result. Ala. Code § 6-5-101; George v. Associated Doctors Health & Life Ins. Co., 675 So. 2d 860, 862 (Ala. 1996). The undisputed record belies Hardy's claim that Defendant Wood deceived him into thinking that the November 15, 2005 pre-termination hearing would focus only on McMillian's sexual harassment allegations and not on the propriety of Hardy's filing of the grievance. Wood's November 4, 2005 letter accurately informed Hardy that the hearing would concern both McMillian's

sexual harassment allegations and Hardy's attempt to have McMillian investigated.

**B.     Rule 59(e) Motion**

We also reject Hardy's challenge to the district court's denial of his Rule 59(e) motion to alter or amend the judgment.[5] The proper grounds for a Rule 59(e) motion are newly-discovered evidence or manifest errors of law or fact. Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007). Hardy's Rule 59(e) motion merely reasserted arguments raised in opposition to Defendant Wood's summary judgment motion or made new arguments that could have been, but were not, made before summary judgment was entered. See Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005) (explaining that a Rule 59(e) motion should not be used to relitigate summary judgment issues or raise arguments or present evidence that could have been raised before judgment was entered). Thus, the district court did not abuse its discretion in denying Hardy's Rule 59(e) motion.

**AFFIRMED.**

---

[5]We review a district court's denial of a Rule 59(e) motion for abuse of discretion. Lockard v. Equifax, Inc., 163 F.3d 1259, 1267 (11th Cir. 1998).